UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE EDWARD PEYTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN KIBLER, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-0719 JAM KJN P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner, proceeding without counsel. At the time he filed this action, plaintiff was housed at High Desert State Prison ("HDSP"). He is now housed at the California Substance Abuse Treatment Facility ("CSATF"). Plaintiff's fully-briefed motion for preliminary injunctive relief and protective order is before the court.[1] As discussed below, the undersigned recommends that the motion be partially granted.

I. Plaintiff's Complaint

　　　　Plaintiff alleges that despite his verbal complaints to correctional officers and other prison staff, as well as multiple grievances alerting defendants to such health and safety violations, numerous correctional officers at High Desert State Prison ("HDSP") continue to serve meals

---

[1] On May 24, 2021, plaintiff filed a request for an order preserving the surveillance video sought in the motion for injunctive relief, which essentially duplicates his request for injunctive relief.

1

without wearing masks over their noses. Plaintiff twice contracted COVID-19 and is fearful he will contract it again. Plaintiff seeks money damages and injunctive relief, including an order enjoining defendants from continuing their policy and custom of serving meals without face masks covering their noses, for the violations of his Eighth Amendment rights. (ECF No. 1 at 19.)

II. Law Governing Motions for Injunctive Relief

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. See Winter, 555 U.S. at 22 (citation omitted).

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable harm. See id.; Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

III. Plaintiff's Motion

Plaintiff provided a copy of CDCR Secretary Kathleen Allison's October 27, 2020 memorandum requiring all staff working on CDCR grounds, both in and outdoors, to at all times

1  properly wear face coverings that cover the nose, mouth, and chin.  (ECF No. 14 at 13-14.)
2  Plaintiff also provided the December 11, 2020 Memorandum from Director Connie Gipson and
3  Chief Medical Executive Dr. Bick confirming that inmates are also required to correctly wear
4  face coverings.  (ECF No. 14 at 15.)  Despite such requirements, plaintiff alleges that correctional
5  officers and inmate porters serving breakfast and dinner trays to prisoners in building 4 of Facility
6  B at HDSP are not wearing face masks covering their mouths and noses, putting plaintiff at risk
7  of being re-infected with COVID-19.  (ECF No. 14 at 1-2.)  Plaintiff adds that he has filed almost
8  a dozen grievances in an effort to remedy such practice, yet all have been summarily denied.
9  (ECF No. 14 at 2.)  Plaintiff seeks an order requiring HDSP to preserve and provide to the court
10 video evidence from breakfast and dinner feedings in building 4 of Facility B at HDSP for the
11 months of October 2020 through April 2021, as corroborating plaintiff's claims in this motion and
12 this action, and that prison staff and inmate porters be required to properly wear face masks when
13 serving breakfast and dinner trays.

14      Plaintiff submitted multiple declarations documenting the improper wearing of face masks
15 during food service at HDSP.  (Complaint:  ECF No. 1 at 23-37 (Peyton's declaration); 94-107
16 (Peyton); 109-11 (3 other inmates); Motion:  ECF No. 14 at 17-25 (9 other inmates); 77-80
17 (Peyton); Reply:  ECF No. 24 at 12-25 (13 other inmates); 27-33 (Peyton).)

18      The Office of the Attorney General was directed to respond to plaintiff's motion on May
19 10, 2021.  (ECF No. 15.)  On May 24, 2021, a response by special appearance was filed.  (ECF
20 No. 18.)  Plaintiff filed a reply on July 15, 2021.  (ECF No. 24.)

21      On July 19, 2021, defendants filed an answer.  (ECF No. 25.)

22 IV.   <u>Discussion</u>

23      <u>Motion for Protective Order</u>

24      Rule 26 permits the court to issue a protective order for good cause shown "to protect a
25 party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon
26 motion by a party or any person from whom discovery is sought.  Fed. R. Civ. P. 26(c).  The
27 moving party must demonstrate good cause "for each particular document it seeks to protect" by
28 showing that "prejudice or harm will result if no protective order is granted."  <u>Foltz v. State Farm</u>,

3

331 F.3d 1122, 1130 (9th Cir. 2003). Rule 26 requires "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." Beckman Indus., Inc. v. Int'l. Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

"A duty to preserve information arises when a party knows or should know that the information is relevant to pending or future litigation." Pettit v. Smith, 45 F. Supp. 3d 1099, 1105 (D. Ariz. 2014); Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998) (parties have a duty to preserve evidence relevant to pending litigation). "Once a party knows that litigation is reasonably anticipated, the party owes a duty to the judicial system to ensure preservation of relevant evidence." Surowiec v. Capital Title Agency, Inc., 790 F. Supp. 2d 997, 1006 (D. Ariz. 2011). "The duty to preserve is triggered not only when litigation actually commences, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." Pettit, 45 F. Supp. 3d at 1105 (quotation omitted); Stedeford v. Wal-Mart Stores, Inc., 2016 WL 3462132, at *5 (D. Nev. June 24, 2016) (citing Kronisch, 150 F.3d. at 126). The duty includes instituting a "litigation hold" on any document retention/ destruction policies in effect. In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1070 (N.D. Cal. 2006); Surowiec, 790 F. Supp. 2d at 1006 (defense counsel is obligated to start a "litigation hold" when they receive correspondence threatening litigation).

Plaintiff asks the court to order defendants to preserve video evidence. The defendants have a legal duty to preserve all evidence relevant to this case. Plaintiff is not required to obtain a protective order to trigger such duty. Plaintiff argues that defendants were put on notice of their obligation to preserve the surveillance video when he filed his grievances referencing the defendants' failure to comply with masking protocol.[2] In their response by special appearance,

---

[2] Prison officials were put on notice of staff noncompliance with mask protocols through an October 26, 2020 report by the California Office of the Inspector General ("OIG"). Plata v. Newsom, Case No. 4:01-cv-1351 JST (N.D. Cal. Nov. 20, 2020) (ECF No. 3492). The district court noted such frequent failure to adhere to face covering and physical distancing requirements documented in the OIG report, and required defendants to produce biweekly reports regarding staff noncompliance for each of the 35 prisons in CDCR. Id. at 2-3. A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted). See also Louis v. McCormick & Schmick Restaurant Corp., 460 F.Supp.2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

the responding deputy attorney general confirmed that the institution has preserved all available surveillance video through April 30, 2021.  (ECF No. 18 at 7.)  In his reply, plaintiff declares that after April 30, 2021, correctional officers and inmate porters continued to serve food without properly wearing masks, and provides multiple inmate declarations confirming the same.  The record also confirms plaintiff was transferred to a different prison on May 27, 2021.  Because plaintiff's complaint seeks injunctive relief in the form of an order requiring defendants to enforce the proper mask-wearing protocol at HDSP, arguably suggesting the continued failure to adhere to such protocol, defendants should also preserve video evidence from April 30, 2021, through May 30, 2021.  Plaintiff's motion is granted to the extent the court requires defendants to comply with their legal duty to preserve evidence.

Motion for Injunctive Relief

Plaintiff asks the court to order prison staff and inmate porters to be required to properly wear face masks when serving breakfast and dinner trays.  COVID-19 poses a substantial risk of serious harm.  See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.); see also Williams v. Dirkse, 2021 WL 2227636, at *9, 2021 U.S. Dist. LEXIS 103673, at *22-23 (E.D. Cal. June 2, 2021) ("The transmissibility of the COVID-19 virus in conjunction with [the prisoner plaintiff's] living conditions are sufficient to satisfy that 'conditions put the plaintiff at substantial risk of suffering serious harm.'").  However, the undersigned is persuaded that the motion for preliminary injunctive relief should be denied as moot for the following reasons.

First, defendants have provided evidence that prison policies concerning face coverings and social distancing were updated on May 10, 2021; thus, to the extent plaintiff seeks a court order enforcing the prior policies, such request is moot.  See Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1087 (9th Cir. 2011) ("if events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot.") (citations omitted).

Second, plaintiff is no longer housed at HDSP.  Plaintiff's allegations specifically involve defendants and inmate porters serving breakfast and dinner feedings in building 4 of Facility B at HDSP.

"A request for injunctive relief remains live only so long as there is some present harm left to enjoin." Bayer v. Neiman Marcus Grp., 861 F.3d 853, 864 (9th Cir. 2017) (quoting Taylor v. Resolution Trust Corp., 56 F.3d 1497, 1502 (D.C. Cir. 1995)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Neal v. City of Seattle, 66 F.3d 1064, 1066 (9th Cir. 1995) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)). "Thus, a claim for injunctive relief becomes moot once subsequent events have made clear the conduct alleged as the basis for the requested relief 'could not reasonably be expected to recur.'" Bayer, 861 F.3d at 864 (quoting Ruiz v. City of Santa Maria, 160 F.3d 543, 549 (9th Cir. 1998)).

While it is possible plaintiff might face similar issues while housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, his transfer occurred after prison policies were updated to include progressive discipline for those found to be violating the face covering and social distancing protocols implemented in response to COVID-19.[3] Moreover, in this action, the court has no jurisdiction over staff at CSATF. In addition, the CDCR Vaccination Tracker reflects a higher vaccination rate at CSATF.[4] As of July 27, 2021, 74% of the inmates are fully vaccinated, and 44% of staff are fully vaccinated. Id. In any event, plaintiff would be required to exhaust his administrative remedies as to any new allegations arising from his housing at CSATF.

Third, as argued by defendants, the fact that plaintiff's pending motion for injunctive relief reflects the ultimate issues in this case renders preliminary injunctive relief inappropriate. "Since the ultimate issues in this lawsuit are inextricably intertwined with the assertions in this motion for injunctive relief, a ruling on the motion might be perceived as speaking in some way

---

[3] In fact, the March 24, 2021 OIG report monitoring compliance with face covering and physical distancing reported full compliance by staff during unannounced visits and video reviews of CSATF as of February 2021. Case No. 4:01-cv-1351 JST (ECF No. 3566-1 at 6.) The May 25, 2021 OIG report did not reflect unmonitored visits to CSATF. Id. (ECF No. 3592-1.)

[4] The CDCR Vaccination Tracker is <https://www.cdcr.ca.gov/covid19/population-status-tracking/> (accessed July 27, 2021). For comparison purposes, at HDSP, 69% of inmates are fully vaccinated, but only 26% of staff are fully vaccinated. Id.

to the ultimate issues in this case.  In such instances, the Court should refrain from prematurely granting such relief." Green v. Hawkinberry, 2015 WL 507057, at *3, 2015 U.S. Dist. LEXIS 14597, at *7 (W.D. Pa. Feb. 6, 2015) (collecting cases), reconsideration denied, 2015 WL 757407, 2015 U.S. Dist. LEXIS 21260 (W.D. Pa. Feb. 23, 2015).8  See also Wesley v. Sec'y Pennsylvania Dep't of Corr., 569 Fed. Appx. 123, 125 (3d Cir. 2014) (plaintiff "sought the same ultimate injunctive relief that he sought in his complaint," suggesting "a disagreement about a course of medical treatment provided in a prison.  Accordingly, the likelihood of [plaintiff's] success on the merits was unclear. . . . [and he] did not make a clear showing of immediate irreparable harm.").  Generally, it is improper "to grant the moving party the full relief to which he might be entitled if successful at the conclusion of a trial." Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 808-09 (9th Cir. 1963).  Absent facts not alleged here, the balance of equities weighs in favor of defendants because plaintiff seeks preliminary injunctive relief on ultimate issues in this case.

Finally, plaintiff asks the court to hold an evidentiary hearing at which the court reviews the video evidence.  In light of the above, such evidentiary hearing is not required.  Rather, such evidence would be viewed in conjunction with a dispositive motion, such as a motion for summary judgment, or at trial.  Plaintiff's request for evidentiary hearing should also be denied.

For all of the above reasons, the court finds that the factors warranting preliminary injunctive relief weigh against plaintiff, and his motion should be denied.[5]

////

---

[5] The undersigned does not take lightly plaintiff's well-articulated concern about again contracting COVID-19.  However, while plaintiff is correct that being vaccinated does not immunize him 100% from again contracting the virus, the CDC opines that:

> There is some evidence that vaccination may make illness less severe in people who get vaccinated but still get sick. Despite this, some fully vaccinated people will still be hospitalized and die. However, fully vaccinated people are much less likely to be hospitalized or die than people with similar risk factors who are not vaccinated.

Centers for Disease Control and Prevention, "Possibility of COVID-19 Illness After Vaccination," updated June 25, 2021 <https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html> (accessed July 27, 2021).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for preliminary protective order (ECF Nos. 14, 19) are granted to the extent that defendants are ordered to comply with their legal duty to preserve evidence, which includes preserving video through May 30, 2021, as set forth above.

Further, IT IS RECOMMENDED that plaintiff's motion for preliminary injunctive relief (ECF No. 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 29, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/peyt0719.pi