UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE EDWARD PEYTON,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN KIBLER, et al.,<br><br>Defendants. | No.  2:21-cv-0719 JAM KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff's motion for case-dispositive sanctions is before the court. As discussed below, plaintiff's motion is denied without prejudice.

Plaintiff's Complaint

Plaintiff alleges that despite his verbal complaints to correctional officers and other prison staff, as well as multiple grievances alerting defendants to such health and safety violations, numerous correctional officers at High Desert State Prison ("HDSP") continued to serve meals without wearing masks over their noses. Plaintiff has contracted COVID-19 twice and was fearful he would contract it again. Plaintiff names Chief Deputy Warden Pickett, Associate Warden Peery, Officer Panna and Warden Kibler as defendants. Plaintiff seeks money damages and injunctive relief, including an order enjoining defendants from continuing their policy and custom of serving meals without face masks covering their noses. (ECF No. 1 at 19.)

Background

On September 20, 2021, plaintiff filed a motion for case-dispositive sanctions, claiming that defendants destroyed video surveillance footage. Video footage prior to February 10, 2021 was not retained, despite multiple grievances putting prison officials on notice, including defendant Peery. Plaintiff seeks an order requiring the CDCR to bear the costs of depositions of defendants, Lt. M. Deforest, but not limited thereto, concerning the destroyed surveillance video; an adverse instruction to the jury that they can consider from such destruction that the evidence, if available, would have been favorable to plaintiff and harmful to defendants; or enter judgment against defendants either in the form of a directed verdict or default judgment.

Defendants filed an opposition on October 11, 2021. (ECF No. 32.) Defendants confirm plaintiff's grievances put the prison on notice that the incidents were captured on video, and that the policy in place in 2020 required such video to be retained longer because plaintiff's grievances alleged staff misconduct; they argue such concessions render depositions unnecessary. Further, defendants argue that any failure to preserve video evidence prior to February 1, 2021, was at most negligent because the Investigative Services Unit (ISU) at HDSP, which has control of such video, did not receive a request to preserve it, and contends there is no evidence that the video was destroyed willfully or in bad faith. Defendants contend plaintiff failed to demonstrate the videos' relevance, or a causal connection between the failure to properly wear a face mask and plaintiff's COVID infection, and that the lack of such video surveillance does not prevent plaintiff from proving his case at trial. Further, defendants argue that the harsh sanction of judgment in favor of plaintiff is inappropriate because less drastic sanctions are available, such judgment would put plaintiff in a better position than if the video was preserved, and because plaintiff's actual damages are relatively minor. Finally, defendants contend any final decision should be deferred until after the parties can conduct discovery into the factual issues identified in their opposition in order to determine the significance of such video in this case. (ECF No. 32 at 6-7.)

Plaintiff did not seek an extension of time to reply, and did not file a timely reply, which was due on October 11, 2021. E.D. Local Rule 230(l) ("The moving party may, not more than

seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition.") Rather, on November 7, 2021, plaintiff presented his reply to prison officials for mailing, and it was filed with the court on November 15, 2021. (ECF No. 35.)

Nevertheless, on this one occasion, the undersigned considers plaintiff's reply because he is proceeding pro se. Plaintiff disagrees that defendants Kibler, Pickett and Peery were negligent based on their review of plaintiff's myriad grievances alerting them to the video, and their intentional failure to notify the ISU to retain the video, as well as their failure to review such video in addressing plaintiff's grievances. Plaintiff contends such intentional conduct warrants a finding that plaintiff does not need to demonstrate relevance to obtain an adverse inference. But in any event, the destroyed video was plaintiff's most important and objective witness, going to the heart of his claims, and thus he contends the court must find that defendants' destruction of evidence was due to willfulness, fault, or bad faith. In conclusion, plaintiff asks the court to view the available video[1] to inform the court's decision as to whether defendants were willful, or in bad faith, and whether extraordinary circumstances exist where there is a pattern of disregarded court orders, and deceptive litigation tactics that threaten to interfere with the court's rightful decision. (ECF No. 35 at 18.)

Standards

District courts may impose sanctions as part of their "inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992). "The district courts' inherent power to sanction may be invoked in response to destruction of evidence. If a party breaches its duty to preserve evidence, the opposite party may move the court to sanction the party destroying evidence." In re Napster, Inc. Copyright Litigation, 462 F. Supp. 2d 1060, 1066 (N.D. Cal. 2006). "However, the determination of an appropriate sanction for spoliation, if any, is confined

---

[1] Plaintiff claims that the available video between February 10, 2021, and May 30, 2021, shows officers and porters serving breakfast and dinner meals without wearing masks covering their mouth and nose, and demonstrates a pattern of the same conduct during October 2020 and February 10, 2021.

to the sound discretion of the trial judge, and is assessed on a case-by-case basis." Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D. N.Y. 2003).

Discussion

The court is persuaded that plaintiff's motion is premature. Plaintiff filed his motion prior to the issuance of the court's discovery and scheduling order. It remains to be seen what impact the undisputed destruction of the video from before February 10, 2021, will have on plaintiff's case, particularly where plaintiff concedes that video from February 10, 2021, and May 30, 2021, is available. Indeed, plaintiff argues the available video demonstrates a pattern of what occurred before February 10, 2021. (ECF No. 35 at 18.) Thus, it is unclear, even if the prior video had been preserved, whether the trial judge would admit the prior video, or would find it cumulative of the available video. Fed. R. Civ. P. 403. In any event, it is premature for the court to decide what an appropriate sanction is for the admitted destruction of such evidence.

In addition, as argued by defendants, plaintiff has submitted multiple declarations by other inmates confirming that officers and porters were serving breakfast and dinner meals without wearing masks. In his verified complaint, plaintiff states that he maintained a daily log detailing officers and porters serving meals without wearing a facemask covering their mouth and nose. (ECF No. 1 at 8.) At this stage of the proceedings, it does not appear that the destruction of the video precludes plaintiff from pursuing his claims in this action.

Moreover, defendants concede that plaintiff's inmate grievances were sufficient to put the prison on notice that the alleged incidents were captured on video, and that the policy in place in 2020 required the video to be retained for a longer period due to the alleged staff misconduct. Such concessions confirm that defendants had an obligation to preserve the video, yet it was not preserved. Thus, the undersigned agrees that no depositions are required at this time.

That said, this order does not address the merits of plaintiff's motion or decide whether or not plaintiff may at trial be entitled to an adverse inference or some other appropriate relief, based on the undisputed failure of defendants to preserve the video evidence. Rather, the motion is denied without prejudice to its renewal following resolution of discovery and pretrial motions, in a motion in limine directed to the trial judge. See Lopez v. Bollweg, 2017 WL 4677850, at *6

(D. Ariz. June 26, 2017) (granting defendants' motion for summary judgment in part and noting spoliation of evidence issues may be raised in pretrial motions), aff'd sub nom. Lopez v. Swaney, 741 F. App'x 486 (9th Cir. 2018); Voskanyan v. Unknown, 2018 WL 6164257 (C.D. Cal. March 21, 2018) (prisoner "may raise the issue of spoliation with the District Judge directly prior to trial.")

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 31) is denied without prejudice.

Dated: January 26, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/peyt0719.spo