UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE EDWARD PEYTON,<br><br>                Plaintiff,<br><br>        v.<br><br>BRIAN KIBLER, et al.,<br><br>                Defendants. | No.  2:21-cv-0719 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se.  On May 26, 2022, defendants were directed to supplement their responses and to submit certain items for in camera review.  Defendants have submitted such items and filed a notice of compliance with the discovery order attesting to their further discovery responses and supplemental responses.  (ECF No. 63.)  The court has completed an in camera review, and grants production as to one of the two remaining issues.  During the pendency of the review, defendants moved to modify the scheduling order.  Good cause appearing, such motion is granted.

   1. CDCR Non-compliance tracking

In response to Requests for Production 10 and 13, none of the confidential documents broke out correctional officers by their work during meal service.  In addition, there were very few entries for Facility B.  Those identified by clearly unrelated work areas (such as office technician, vocational instructor) do not need to be produced.  Because supervising cooks would

not be serving meals to inmates, defendants are not required to produce those listings. Although it is unknown in what area of Facility B these correctional officers were employed, defendant shall produce a redacted page 46 of 93, redacting all entries except for the two Facility B correctional officers cited on 12/18/20 and 1/12/21. No additional disclosure of documents from the CDCR Non-compliance tracking is required.

### 2. Videos of Meal Service

Defendants submitted over 200 videos for meal service in Facility B, Building 4, at High Desert State Prison from February 6, 2021, through May 30, 2021.

The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" Roberts v. Clark County Sch. Dist., 312 F.R.D. 594, 603 (D. Nev. 2016). The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." Id. Discovery and Rule 26 is intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." Id. This limitation requires active involvement of federal judges to make decisions regarding the scope of discovery. Id. To the extent that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P. 26(b)(2). Limits should also be imposed where the burden or expense outweighs the likely benefits. Id. How and when to so limit discovery, or to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," remains in the court's discretion. Fed. R. Civ. P. 26(c)(1).

This action is unusual in that plaintiff personally created detailed logs of meal service from October 2020 to May 26, 2021, filed multiple grievances concerning the alleged violations of masking protocols, and already obtained declarations from other inmates attesting to such alleged violations. (ECF No. 41 at 37-38.) Further, plaintiff "identified by name the porters and officers who allegedly served plaintiff meals without properly wearing face masks." (ECF No. 60 at 16.) Thus, the undersigned finds that the videos sought are unreasonably cumulative or

duplicative of evidence already marshaled by plaintiff.  Because plaintiff witnessed such meal services, there is no need to provide such videos to plaintiff for review.

Moreover, review of all of the videos by plaintiff or the jury would be unduly burdensome given their length and redundancies.

That said, the court is persuaded that a few videos, perhaps one or two days of meal service, would assist the jury (assuming this case goes to trial).  As the case proceeds, plaintiff should review his records and determine if he prefers a particular day or two, perhaps choosing a day where defendant Pannu was serving meals.[1]  Otherwise, the district court may opt to randomly select a few videos to show the jury.  Such videos would also need to be limited to the precise times (marking the start and stop point for each).  At this juncture, defendants are directed to retain the videos pending further order of the court.  No further production is required at this time.

>    3. <u>Scheduling Order</u>

Defendants move to revise the court's scheduling order.  (ECF No. 66.)

"The district court is given broad discretion in supervising the pretrial phase of litigation." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting <u>Johnson</u>, 975 F.2d at 607).

Because the in camera review was pending, and this order provides for further production, the pretrial motions deadline must be extended.  Defendants' motion is granted.

////

---

[1] Once pretrial motions are resolved, if appropriate, the parties will be directed to file pretrial statements.  In his pretrial statement, plaintiff should identify the few videos he will seek to show the jury.  After defendants file their pretrial statement, the court will issue a pretrial order that will make provision for plaintiff to view such videos, unless the parties have separately made arrangements for such viewing.

ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order, defendants shall produce to plaintiff the two entries on page 46 of 93, redacted as set forth above. In connection with plaintiff's request for production no. 3, in which he sought production of video surveillance of meal services, no further production is required at this time. Defendants shall retain the video footage submitted for in camera review until further order of the court.

2. Defendants' motion to modify the scheduling order (ECF No. 66) is granted.

3. The pretrial motions deadline is continued to December 15, 2022. In all other respects, the court's scheduling order (ECF No. 34) remains in effect.

Dated: October 4, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/peyt0719.icr