UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE EDWARD PEYTON, | No. 2:21-cv-00719-DJC-KJN P |
| Plaintiff, | |
| v. | ORDER |
| BRIAN KIBLER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding *pro se* in a Section 1983 claim against Brian Kibler and several other warden staff members and correctional officers ("Defendants"). (*See* Complaint (ECF No. 1) ("Compl.").) Plaintiff earlier brought a motion to compel production of videos against Defendants. (*See* Pl.'s Mot. to Compel (ECF No. 41) ("MTC").) Plaintiff's motion was partially granted by the assigned Magistrate Judge. (*See* 5/26/2022 Order (ECF No. 60).) Defendants served notice of their compliance with the Magistrate Judge's order (*see* ECF No. 63), and later moved to modify the scheduling order (*see* ECF No. 66). The Magistrate Judge granted Defendants' motion to modify the scheduling order (*see* ECF No. 67), from which Plaintiff seeks reconsideration (*see* Pl.'s Mot. for Recons. (ECF No. 68) ("Motion" or

1

"Mot."). For the reasons set forth below, Plaintiff's Motion for Reconsideration is DENIED.

**BACKGROUND**

Plaintiff claims that Defendants violated his Eighth Amendment rights by "plac[ing] [Plaintiff] in life-threatening circumstances[] [and] forc[ing] [Plaintiff] to accept and consume breakfast and dinner trays served by [Defendants and others] whom do not wear facemask covering their mouths and nostrils, or to go without his meals." (Compl. ¶ 110; *see also id*. ¶¶ 121–24 (raising the Eighth Amendment failure to care claim).) As the Magistrate Judge noted, "[t]his action is unusual in that [P]laintiff personally created detailed logs of meal service from October 2020 to May 26, 2021, filed multiple grievances concerning the alleged violations of masking protocols, and already obtained declarations from other inmates attesting to such alleged violations." (10/4/2022 Order (ECF No. 67) at 2 (citing MTC at 37–38).) "Further, [P]laintiff 'identified by name the porters and officers who allegedly served [P]laintiff meals without properly wearing face masks.'" (10/4/2022 Order at 2 (quoting 5/26/2022 Order at 16).)

Despite Plaintiff's detailed written account, the exhaustive administrative record, and corroborating declarations from fellow inmates, Plaintiff moved to compel production of surveillance videos from the relevant time period after Defendants declined to produce these videos following exchanges with Plaintiff. (*See* MTC Exs. 2–3, 5, 7, 9 (providing copies of communications between Plaintiff and Defendants regarding Plaintiff's Request for Production).) Plaintiff seeks this video evidence because it corroborates Plaintiff's basic claim that Defendants refused to enforce relevant COVID-19 policies despite Plaintiff's many complaints and despite Defendants' statements in responses to Plaintiff's inmate grievances that they reviewed such videos and found no violations. (*See* Compl. at ¶¶ 114–15, 117–18; *also* 5/26/2022 Order at 12 ("While [D]efendant Pickett does not expressly state he viewed the video, he also wrote 'After a thorough review of all documents and

2

evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to disapprove the claim.'").)

The Magistrate Judge ruled on Plaintiff's motion to compel, ordering Defendants to produce the available videos for in camera review. (*See* 5/26/2022 Order at 10 (citing Pl.'s Req. for Prod. No. 3).) Defendants did so (*see* ECF No. 63), and the Magistrate Judge ordered no further production of videos following the in camera review (*see* 10/4/2022 Order at 3). However, in the Magistrate Judge's order, the Magistrate Judge "f[ound] that the videos sought are unreasonably cumulative or duplicative of evidence already marshaled by [P]laintiff[,]" holding that there was "no need to provide such videos to [P]laintiff for review." (10/4/2022 Order at 2–3.) Plaintiff seeks reconsideration of this portion of the Magistrate Judge's order so that he may review them and "prepare for trial" and prepare to cross-examine Defendants. (Mot. at 6; *see also id.* at 11 ("The witness credibility – particularly the [D]efendants is critical to Plaintiff['s] case in chief.").)

## LEGAL STANDARD

Under Local Rule 303, any party may file and serve a "Request for Reconsideration by the District Judge of Magistrate Judge's Ruling." *See* E.D. Cal. L.R. 303(c). A magistrate judge's ruling may be modified by the District Judge only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). "The clear error standard requires that the reviewing court affirm unless, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *Martin v. Loadholt*, No. 1:10-CV-00156-LJO-MJ, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). A decision is contrary to law where "it applies an incorrect legal standard, fails to consider an element of [an] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citation omitted).

////

////

3

**ANALYSIS**

**I.     The Timeliness Issue**

Defendants argue that Plaintiff's Motion for Reconsideration should be disregarded because Plaintiff did not timely object. (*See* Def.'s Resp. to Pl.'s Mot. for Reconsid. (ECF No. 69) at 2 ("Resp.").) Defendant cites to Federal Rule of Civil Procedure 72(a) in support, which states that "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). However, a party's failure to timely object or seek review does not strip the District Court of the power to reconsider any aspect of a Magistrate Judge's pre-trial order. *See, e.g.*, *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 730 (E.D. Cal. 2021) (collecting cases); *Allen v. Sybase, Inc.*, 468 F.3d 642, 657–58 (10th Cir. 2006) (collecting cases).

Therefore, the Court will consider Plaintiff's Motion for Reconsideration despite any timeliness issues. *See Allen*, 468 F.3d at 658. However, to the extent that Plaintiff seeks reconsideration of other orders, the Court concludes those challenges are untimely and are denied. This denial specifically includes Plaintiff's challenge to the Magistrate Judge's factual findings in his May 16, 2022 Order (ECF No. 60) related to the production of surveillance video prior to February 10, 2021 and any other challenges to that order.

**II.    The Scope of Production for Plaintiff to Review Before Trial**

Plaintiff raises several objections to the Magistrate Judge's prior orders (*see* MTC at 1–5), but the only relevant objection relates to the Magistrate Judge's decision to at least exclude from admission at trial 200 videos Defendants produced (*see* MTC at 6–14).[1] The Magistrate Judge was correct to properly limit the scope of admissible

---

[1] Plaintiff's other arguments pertain to the Magistrate Judge's findings of facts underlying the Magistrate Judge's initial order granting and denying in part Plaintiff's motion to compel, decisions which are beyond the scope of this Court's purview to reconsider the Magistrate Judge's order modifying the schedule. Furthermore, Plaintiff's other arguments are ultimately irrelevant to this Court's determination that the Magistrate Judge was correct in determining that not all 200 videos would be admissible at trial.

evidence *at trial*.  (*See* 10/4/2022 Order at 2–3 (citing Fed. R. Civ. P. 26(b)–(c)(1)).)  That portion of the Magistrate Judge's order was not clearly erroneous, contrary to Plaintiff's assertions.

However, Plaintiff must be able to prepare for trial, and his case centers on the seven months that he claims Defendants nearly daily declined or refused to enforce its mandatory COVID-19 policies.  (*See* Mot. at 7.)  As the Magistrate Judge noted, "[t]his action is unusual" in light of Plaintiff's "detailed logs," the "multiple grievances concerning the alleged violations of masking protocols, and already obtained declarations from other inmates attesting to such alleged violations."  (10/4/2022 Order at 2 (citing MTC at 37–38).)

This Court recognizes and appreciates the privacy of other prisoners, potential privilege issues, and real prison safety concerns that Defendants raised to the Magistrate Judge.  (*See* 5/26/2022 Order at 10.)  However, as part of Plaintiff's deliberate indifference claim, Plaintiff must prove the extent to which Defendants enforced the prison's COVID-19 policies on a daily basis.  While Plaintiff's logs should be able to assist him in targeting which videos he wishes to review with more specificity, to the extent there is any implication from that order that Plaintiff should be limited to reviewing only two videos before trial, the Court concludes this determination would be erroneous.  However, in his order, the Magistrate Judge only appears to notify Plaintiff that he must make more focused and limited pretrial requests to review some of the 200 videos Defendants produced and that the Magistrate Judge reviewed.  Considering the concerns identified by Defendants, this conclusion was not erroneous.

////
////
////
////
////

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Reconsideration (ECF No. 68) is DENIED.  Plaintiff's Request for Ruling (ECF No. 77) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   **August 22, 2023**

*Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – peyton22cv00719.mot.for.recons.